IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KIMESHA EMBRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 16-0580-CV-W-FJG |
| v. | ) |
| | ) |
| EVEREST COLLEGE, | ) |
| a subsidiary of | ) |
| FLORIDA METROPOLITAN | ) |
| UNIVERSITY, INC. and | ) |
| CORINTHIAN COLLEGES, INC. | ) |
| | ) |
| and | ) |
| | ) |
| ZENITH EDUCATION GROUP, INC. | ) |
| Successor in Interest to | ) |
| CORINTHIAN COLLEGES, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court are (1) Plaintiff's Motion for Remand (Doc. No. 14); and (2) Defendant Zenith Education Group Inc.'s Motion to Dismiss (Doc. No. 8). Both are considered, below.

**I.  Background**

Plaintiff Kimesha Embry is an African-American citizen of the State of Missouri. She worked at Everest College for nearly three years, until May 5, 2014, when her employment was terminated. (Petition, Doc. No. 6, ¶¶ 13, 23). Plaintiff filed her Charge of Discrimination on October 30, 2014. The Charge of Discrimination and Notice of Right to Sue name only "Corinthian Colleges, Inc. d/b/a Everest College" as the Respondent.

Doc. No. 8, Exs. A and B. Corinthian Colleges Inc. ("CCI") submitted a position statement in response to Embry's Charge on December 3, 2014. In its position statement, CCI affirmed that it was the parent corporation of Everest College, Plaintiff's employer. Notably, in 2014, when she filed her charge, Zenith had not yet acquired Everest College. Plaintiff asserts that Zenith was planning to acquire Everest College from Corinthian as early as November 2014, after Plaintiff filed her charge of discrimination in October and before CCI submitted its position statement in December. Plaintiff states, however, that during the pendency of her charge she did not know Zenith was intending to acquire Everest College, and did not know that Zenith had acquired Everest College until immediately before she filed this lawsuit. In May 2015, during the pendency of the Commission's investigation, Corinthian filed for bankruptcy. See In re: Corinthian Colleges, Inc. et al., 15-10952 KJC, United States Bankruptcy Court District of Delaware (bankruptcy initiated May 4, 2015).

Plaintiff requested a right-to-sue letter in January 2016 as more than 180 days had passed since her charge was filed and her 2 year statute of limitations was approaching. After receiving her right-to-sue letter, on May 3, 2016, Embry filed this lawsuit for race discrimination under the MHRA in the Circuit Court of Jackson County, Missouri.

Plaintiff claims that this case was filed against three interrelated companies, all of whom managed, operated and controlled Everest College.[1] However, as noted by

---

[1] Plaintiff states that the Petition for Damages named Everest College as a subsidiary of Florida Metropolitan University, Inc. ("FMU"), which in turn is and was a subsidiary of Corinthian Colleges, Inc. ("CCI"). (Doc. No. 6, ¶¶ 4, 5). The Petition also names Zenith Education Group, Inc. ("Zenith") as the successor in interest to Corinthian Colleges, Inc. (Id. ¶ 6). Plaintiff alleges that all of these corporations, as parent or successor corporations of Everest, were an "employer" or a "person directly acting in the interest of an employer" within the meaning of the Missouri Human Rights Act (MHRA). (Petition, ¶

2

defendant, the caption of the underlying state court Petition names only two defendants: Everest College and Zenith Education Group, Inc. In state court, plaintiff requested service of process for (1) Everest College, as a subsidiary of Florida Metropolitan University, (2) Corinthian Colleges, Inc. ("CCI"), and (3) Zenith Education Group, Inc. See Doc. No. 6, pp. 1, 8-9. Zenith Education Group was served with process on May 13, 2016. Everest College has not been served with process; it appears from the record that there is no Missouri entity named "Everest College," and that "Everest College" is a fictitious d/b/a name. See Doc. No. 15, p. 2. On June 8, 2016, plaintiff's counsel sent correspondence to the Clerk of Court for Jackson County requesting service on Florida Metropolitan University. Doc. No. 6, p. 23. In response, the Jackson County Clerk wrote: "Your request for service cannot be completed at this time. 'Florida Metropolitan University, Inc.' is not listed on the Petition as a defendant in this case. Everest College is the defendant who is a subsidiary thereof. If service is to be obtained on 'FMUI' an amended Petition is needed listing them as a defendant to the case." Doc. No. 6, p. 24. With respect to CCI, service of process was not accomplished, as the company Plaintiff served, CT Corporation Systems, is no longer the registered agent for CCI. See Doc. No. 6, p. 19.

On June 13, 2016, Defendant Zenith Education Group removed this action to federal court. Plaintiff has now moved to remand, arguing that not all defendants consented to removal and defendant Zenith Education Group has not demonstrated that the amount in controversy has been met. Defendant Zenith Education Group has moved

---

7). Plaintiff also alleged that FMU, CCI and/or Zenith were joint employers with each other and Everest. (Petition, ¶ 8).

3

to dismiss, arguing that is was not named in the Charge of Discrimination and this first notice it had of this action was the filing of the lawsuit.

## II. Standard

### A. Motion to remand

A defendant may remove an action from state court to federal court when the case falls within the original jurisdiction of the federal courts. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). Pertinent to the current set of facts, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). The burden of establishing federal jurisdiction is on the party seeking removal. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir.1993). On a motion to remand, the district court must strictly construe the removal statute and resolve all doubts in favor of remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997)(citing Bus. Men's Assurance, 992 F.2d at 183).

> Federal courts are to resolve all doubts regarding federal jurisdiction in favor of remand, and are to strictly construe legislation permitting removal. Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir.2007). In a civil action with multiple defendants, all defendants must join in the notice to remove unless they are nominal defendants. Thorn v. Amalgamated Transit Union, 305 F.3d 826, 833 (8th Cir.2002). The general removal statute, 28 U.S.C. § 1446(b), permits a notice of removal be filed within 30 days after receipt of the pleading and has been interpreted to require that all defendants must consent to removal. Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir.2008). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C). Although each defendant need not necessarily sign the

4

notice of removal, there must "be some timely filed written indication from each served defendant," or someone authorized to act on the defendant's behalf, indicating the defendant actually consents to the removal. Pritchett, 512 F.3d at 1062.

Norco v. Miles Excavating, Inc., No. 14-CV-6040-SJ-FJG, 2014 WL 3400989, at *1 (W.D. Mo. July 10, 2014).

### B. Motion to Dismiss

When ruling a motion to dismiss, the court must accept plaintiff's factual allegations as true and construe them in the light most favorable to the plaintiff. Patterson Oil Co. v. VeriFone, Inc., No. 2:15-cv-4089, 2015 U.S. Dist. LEXIS 141635, at *9 (W.D. Mo. Oct. 19, 2015) (citing Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008)). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 677-678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, (2007)). In order for a claim to survive a motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."' Ashcroft v. Iqbal, 556 U.S. 662, 677-678 (2009). A plaintiff must plead facts which support the prima facie elements of the claims asserted in order to avoid dismissal under Rule 12(b)(6). Parker v. Dir. of Mental Health, No. 04-0599, 2005 U.S. Dist. LEXIS 33515, *6 (W.D. Mo. Apr. 20, 2005).

## III. Discussion

### A. Motion to Remand

As noted by plaintiff, under 28 U.S.C. § 1446(a), all defendants who have been

properly served at the time of removal are required to consent in writing.  However, in this matter, the only defendant who has been properly served at the time of removal (and as of the date of this Order) is the removing defendant, Zenith.  Accordingly, plaintiff's argument that this removal suffered from procedural irregularities is unavailing.

Plaintiff also argues that defendant has not demonstrated the amount in controversy exceeds $75,000 by the preponderance of the evidence.[2]  In support of its notice of removal, defendant asserted that plaintiff "seeks redress for termination of her employment under the Missouri Human Rights Act and demands lost wages and benefits, compensation for emotional pain and suffering, punitive damages and attorneys' fees."  Doc. No. 1, p. 5, ¶ 19.  Defendant notes that actual damages, punitive damages, and attorneys' fees may all be considered in determining the amount in controversy.  Defendant also notes that, at the time of her termination, plaintiff earned $20.22 per hour, or approximately $40,058 per year.  Defendant further notes that, on July 10, 2014, one month after her termination, plaintiff issued a settlement demand to Corinthian Colleges, Inc., in the amount of $40,000 (representing lost wages, benefits, and emotional distress), and the demand stated that if plaintiff "is forced to file a civil action in this matter, her claim will be substantially greater."  Doc. No. 1, pp. 5-6, ¶ 22.  Defendant then states that "[T]he amount in controversy in this case exceeds the jurisdictional limit given Plaintiff's $40,000 pre-suit demand (which was calculated based on one year's worth of lost wages and emotional distress); her claimed lost wages to date (which would equal approximately

---

[2] The "preponderance of the evidence" standard appears to have been adopted in the Eighth Circuit, rather than the "legal certainty" standard also argued in plaintiff's motion.  See Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009).  Therefore, the Court will disregard plaintiff's suggestions that defendant has not demonstrated the amount in controversy to a "legal certainty."

$80,116), and her request for attorneys' fees and punitive damages." (Doc. No. 1, p. 6, ¶ 23).

Plaintiff argues that defendant has not met its burden of proof under the preponderance of the evidence standard. Plaintiff indicates that defendant is speculating as to the amount of plaintiff's claimed lost wages to-date, and that its other allegations are conclusory and insufficient to establish the amount in controversy exceeds $75,000.

In response, defendant argues that, under the preponderance of the evidence standard, once the removing party has established that the jurisdictional minimum is satisfied, "remand is only appropriate if plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." Bell, 557 F.3d at 956. Furthermore, under the preponderance of the evidence standard, the question "is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are[.]" Id. (emphasis in original). Defendant notes that while plaintiff contends that defendant's lost wages estimate is speculation, plaintiff provides no explanation or authority demonstrating how the back pay measurement in this case is speculative. Plaintiff did not challenge the specific jurisdictional facts (hourly pay and annual salary). Defendant cites to numerous cases wherein lost wages are allowed to accrue through date of removal to determine amount in controversy (Beck v. Consol Energy, Inc., Civil Action No. 4:15CV47, 2014 WL 2862996 at * 2 (N.D. W. Va. June 24, 2014); Fortsecue v. Ecolab, Inc., No. CV 14-0253 FMO (RZx), 2014 WL 296755 at * 2 (C.D. Cal. Jan. 28, 2014)); while other courts calculate lost wages through the end of trial (Felon v. Burch, No. 4:15-CV-00185 (JCH), 2015 WL 928558, *2-4 (E.D. Mo. Mar. 4, 2015); Cordell v. W.W. Williams, Co., 16 F.Supp.3d 1351, 1353-59 (N.D. Ala. 2014); White v. Loomis

Armored US, Inc., 729 F.Supp.2d 897, 902 (E.D. Mich. 2010)). Under either standard, given that plaintiff alleges that she was terminated on or about May 5, 2014, and her annual salary was approximately $40,000, a fact-finder might easily conclude that her damages for lost wages alone exceed the jurisdictional amount. And, as noted by defendant, this calculation does not include an amount of damages for emotional distress, punitive damages, or attorneys' fees, which may be considered when assessing whether the amount in controversy has been met. See Crawford v. Hoffman-La Roche, Ltd., 267 F.3d 760, 765 (8th Cir. 2001); Capital Indemnity Corp. v. Miles, 978 F.2d 437, 438 (8th Cir. 1992); Bell v. Preferred Life Assur. Soc. of Montgomery, Ala., 320 U.S. 238, 240 (1943).

The Court concludes that, for the reasons stated by defendant, the amount in controversy has been proven by a preponderance of the evidence by defendant Zenith. Plaintiff's Motion to Remand (Doc. No. 14) is **DENIED.**

### B. Motion to Dismiss

Zenith Education Group, Inc. ("Zenith") moves to dismiss because it was not named in plaintiff Charge of Discrimination. In the petition, plaintiff lists Zenith Education Group, Inc., as a defendant and successor in interest to Corinthian Colleges. Doc. No. 6, ¶¶ 3-6. The Charge and Notice of Right to Sue name only "Corinthian Colleges, Inc. d/b/a Everest College" as the Respondent. See Charge, attached as Exhibit A to Doc. No. 8; Right to Sue, attached as Exhibit B to Doc. No. 8. Zenith argues that this lawsuit was the first notice it received regarding its potential liability for plaintiff's claims.

Defendant Zenith argues that plaintiff has failed to exhaust her administrative remedies against it. Generally, under the MHRA, plaintiff must name all those alleged to

be involved in her Charge of Discrimination.  See R.S.Mo. § 213.075 (1).  Although the MHRA provides for a means to correct an omission if a respondent has failed to be included in the charge (see R.S. Mo. § 213.075(4); 8 C.S.R. 60-2.025(5)), defendant argues that plaintiff failed to attempt to add Zenith to the administrative charge in a timely fashion.  When considering whether a claim against an unnamed party under the MHRA is barred, Missouri courts weigh the following factors: "1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the … complaint; 2) whether, under the circumstances, the interest of the named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the . . . proceedings; 3) whether its absence from the [administrative] proceedings resulted in actual prejudice to the interest of the unnamed party; [and] 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party." Hill v. Ford Motor Co., 277 S.W.3d 659, 669-670 (Mo. 2009) (citing Glus v. C.G. Murphy Co., 562 F.2d 880, 888 (3rd Cir. 1977)). Defendant Zenith argues that Missouri state and federal courts routinely find prejudice exists and exclude claims against defendants not named in the Charge.  See e.g. Stoker v. Lafarge North America, Inc., No. 4:12-CV-0504-DGK 2013 WL 434049 at *4-5 (W.D. Mo. Feb. 3, 2013) (dismissing claim against an individual person not named in the charge); Thomas v. Nash, No. 4:14-CV-1993 ERW, 2015 WL 1222396 (E.D.Mo. March 17, 2015) (same); Borders v. Trinity Marine Prod, Inc., No. 1:10CV146 HEA, 2010 WL 5139343, *2-3 (E.D.Mo. Dec. 10, 2010) (same).

  Here, defendant Zenith argues that nothing kept plaintiff from alleging a claim

against Zenith in her Charge, as Zenith registered to do business in Missouri under the name "Everest College" on July 1, 2015, and that plaintiff with appropriate due diligence could have discovered this information and amended her Charge. Defendant also argues that the interests of Zenith and Corinthian are not so similar as to make inclusion of Zenith in the administrative process unnecessary (especially considering that Corinthian was filing for bankruptcy during the administrative phase and may be judgment proof). Defendant also argues that it has been prejudiced, because had it been included on the Charge, it would have taken necessary steps to request, obtain, and preserve all information regarding plaintiff's employment at Corinthian. Finally, Zenith argues that it has never represented to plaintiff that she could communicate with it through Corinthian.

In response, plaintiff argues that failure to exhaust remedies is not required when the defendant is a successor corporation. Plaintiff notes that, at the time she filed her administrative charge, Everest College was owned by CCI, which responded with a position statement in December 2014 stating that it was the parent of Everest College. Plaintiff further argues that she had no knowledge that CCI had divested its interest in Everest College until after she received her right to sue letter and was preparing her petition. Plaintiff further argues that CCI's bankruptcy filing did not give her notice that Zenith had acquired Everest College.

Plaintiff's examination of the Hill factors (set out above) argues that (1) plaintiff could not have known that Zenith would have an interest in this action at the time she filed her charge in October 2014, and plaintiff should not be required to continually search corporate records while her administrative charge is pending, noting further that Zenith was in a better position to discover plaintiff's pending charge as part of its due diligence in

acquiring Everest College from CCI (and whether Zenith had knowledge of this claim is a question for discovery, not a reason to dismiss at the outset); (2) with respect to similarity of interests, although Zenith was not an owner of Everest College at the time of the filing of the Charge, its interests are similar to those of CCI, as it is apparent from the briefing on the pending motions that Zenith has in its possession (a) a copy of the settlement demand sent to Everest College and CCI; and (b) a copy of plaintiff's administrative charge, which plaintiff believes leads to the inference that Zenith is not truly in the dark about plaintiff's claim; (3) with respect to prejudice, plaintiff notes that plaintiff's entire personnel file was submitted to the administrative agency with CCI's response to plaintiff's charge, so no concerns about missing information exist.[3]

As noted by plaintiff, failing to name an entity in the administrative charge does not necessarily bar a suit such as plaintiff's, where there is "a substantial identity of interest between the parties sued and those charged." Hill, 277 S.W.3d at 669. In this matter, the Court finds at this time (after examination of the Hill factors) that plaintiff has sufficiently pled that defendant Zenith has sufficient identity of interest between itself and the parties named in the Charge of Discrimination. Moreover, the Court agrees with plaintiff that certain of these factor (such as whether (or when) either side knew or should have known about the existence of a potential claim, and whether defendant Zenith had put into place procedures to preserve information needed to defend a lawsuit of this type) should be explored on discovery.

Defendant Zenith's second argument in support of dismissal is that, unlike federal

---

[3] The fourth Hill element, representations made by the unnamed party that its relationship with the complainant is to be through the named party, does not appear to apply to the facts of this case.

courts, Missouri courts have not recognized successor liability for MHRA claims. Therefore, defendant Zenith argues that it must be dismissed because there are no allegations independent of successor liability connecting Zenith to discriminatory conduct. Defendant argues that plaintiff has failed to "cite a single rule, regulation, statute or case which would make Zenith liable as a successor in interest for employment discrimination claims under the MHRA. This is because none exist." Doc. No. 9, p. 8. Defendant cites to Waller v. Blast Fitness Group, LLC, 2015 WL 7737298 at *2-4 (E.D. Mo. 2015), wherein the court dismissed corporate defendants who had no involvement in the allegedly harassing conduct, finding that "the complaint is devoid of facts that state a 'colorable' claim against this party."[4] Id. at *4. On this basis, defendant requests dismissal.

In response, plaintiff notes that, under Title VII, successor liability has been repeatedly recognized as a basis for a claim against a defendant not named in the charge of discrimination. See Williams v. Greendolf, Inc., 735 F.Supp. 137, 141 (S.D.N.Y. 1990); E.E.O.C. v. MacMillan Bloedel Containers, Inc.,503 F.2d 1086 (6th Cir.1974); Brzozowski v. Corr. Physician Servs., Inc., 360 F.3d 173, 177-78 (3d Cir. 2004); Rojas v. TK Commc'ns, Inc., 87 F.3d 745, 750 (5th Cir. 1996); Wheeler v. Snyder Buck, Inc., 794 F.2d 1228, 1236 (7th Cir. 1986); Trujillo v. Longhorn Mfg. Co., 694 F.2d 221, 224 (10th Cir. 1982); Cobb v. Contract Transp., 452 F.3d 543, 554-55 (6th Cir. 2006). Plaintiff also notes that the Missouri Supreme Court takes a liberal approach to fulfillment of procedural requirements under the MHRA. Alhalabi v. Mo. Dept. of Natural Resources, 300 S.W.3d

---

[4] Plaintiff points out in response that Waller is distinguishable. This Court agrees. Waller has nothing to do with successor liability. Instead, plaintiff in Waller named in his complaint two Missouri citizens (one individual and one corporation) who had no connection with the plaintiff's case at all and were obviously named to destroy diversity jurisdiction. See Waller, 2015 WL 7737298 at *2, 4.

518, 525 (Mo.Ct.App. 2009); see also Hill, 277 S.W.3d at 670.  Therefore, plaintiff argues that Missouri courts would likely take a similar approach and allow successor liability under the MHRA.  Additionally, plaintiff notes that Missouri courts recognize the concept of successor liability in general.  See Edwards v. Black Twig Marketing & Commc'ns LLC, 418 S.W.3d 512, 520 (Mo.App. E.D. 2013) (which provides that while typically a buyer is not liable for a seller's debts, there are four recognized exceptions to that general rule: (1) When the purchaser expressly or impliedly agrees to assume the debts and liabilities; (2) When the transaction amounts to a consolidation or merger; (3) When the purchaser is merely a continuation of the seller; and (4) When the transaction is entered into fraudulently. Id. at 520-21).  Plaintiff states that, at this time and without any discovery taken, the Court cannot make a determination as to whether successor liability applies under the facts of this case.

At this point in time, the Court cannot conclude that Missouri law forbids successor liability as a theory in MHRA cases.  Defendant does not point to any relevant case law supporting its belief that Missouri would not support successor liability in MHRA claims; instead, defendant points to an absence of case law directly on point supporting plaintiff's theory.  Given the case law cited by plaintiff, however, the Court believes that successor liability can be a viable theory for MHRA claims under Missouri law, and therefore denies defendant's motion to dismiss on this issue.

Therefore, for the foregoing reasons, defendant's motion to dismiss (Doc. No. 8) is **DENIED.**

IV. **Conclusion**

Therefore, for the foregoing reasons, (1) Plaintiff's Motion for Remand (Doc. No.

14) is **DENIED**; and (2) Defendant Zenith Education Group Inc.'s Motion to Dismiss (Doc. No. 8) is **DENIED.**

    **IT IS SO ORDERED**.


Date: September 6, 2016            **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri            Fernando J. Gaitan, Jr.
                                                         United States District Judge

14
Case 4:16-cv-00580-FJG   Document 22   Filed 09/06/16   Page 14 of 14